Seney, J.
On the 28th day of November, A. D. 1888, letters of administration on the estate of one Abner Liggett, deceased, were duly issued to one Luther Liggett by the Probate Court of Union County, Ohio, and the said Luther Liggett thereupon accepted said trust, and duly executed an administrator’s bond, with the defendants, Absolon Liggett and Alfred Scott as his sureties thereon, said bond being conditioned as required by law. That on the 25th day of June, 1892, said administrator’s accounts were settled in said probate court, and the sum of $1,538.89 was found by the consideration of said court to be in his hands, which he was adjudged to distribute according to law. The plaintiff and some of the defendants herein are the only heirs at law of the said Abner Liggett, deceased. Upon demand being made of said administrator for the payment of said sum, and his refusal to pay, said heirs at law, by this proceeding, seek to recover of said administrator and the sureties upon his bond the full amount *208 found due by the probate court upon the settlement of the administrator’s account.
The sureties upon the bond say: That the heirs at law should not recover of them a part of this sum found due upon the settlement of the administrator’s account, for the reason that of said sum thus found due, the sum of $1,194.41 was for a promissory note executed and delivered by said Luther Liggett (the administrator) to the said Abner Liggett. That the said Luther Liggett at the time of his appointment and qualification as such administrator, and for some years previous thereto, was wholly insolvent, and that he has continued to be insolvent ever since; and was wholly unable to pay any part of said promissory noté at any time after his said appointment as such administrator.
These facts the court below held, by overruling a demurrer to the answer of said sureties, were sufficient to relieve the sureties. Did the court err in so doing, is the first question presented to this court.
The question thus presented is : Are the sureties upon an administration bond liable for the debt of the administrator, due the decedent, regardless of the solvency or insolvency of said administrator?
At common law, if a creditor appoint 1ns debtor his executor, and the latter accepts the trust, the debt was discharged. “ Some judges have thought that the appointment of the executor is to be considered in the nature of a specific bequest to him of the debt, not to be paid when there are not sufficient assets to pay the debt.”
This reason never had any standing in Ohio, from the fact thattheintention of the testator alone governs as to the disposition of his property; and that intention is always ascertained from the will itself, with the surroundings incident to its execution; another reason for this rule at common law was: “ That a debt is merely a right to recover the amount by way of action; and as an executor cannot maintain an action against himself, his appointment by the creditor, to that of *209 fice, suspends the action for the debt; and where a personal action is once suspended by the voluntary act of the party entitled to it, it is forever gone and discharged.”
This reason never had any standing in Ohio, from the fact that the rights of creditors could not thus be defeated, a man “ must be just before he is generous.”
While this rule of the common law never was the law of this state: equity at the same time adopted a different rule, viz: “ That the executor shall be accountable for the amount oi his debt as assets.” And this rule was founded upon the reason that as the debtor executor was not only required to pay the debt, but was also required to receive it, hence “ the debt due from the debtor executor had been paid to him by himself.” Following this equitable rule, the Supreme Court of Massachusetts, in the case of Stevens v. Gaylord, 11 Mass. 265, held that the appointment of a debtor as executor “ Is not always a legacy, nor a release or extinguishment of the debt. It is not a legacy, if it appears from the will that the testator did not intend to give the amount of the debt to the executor; or, if he give him a distinct legacy in the same will. It is not always a release or extinguishment of the debt, for it is assets to pay creditors if wanted for that purpose. It is also assets to pay legacies, or distributable among the next of kin, when the debt is not itself given as a legacy to the executor.” Following this opinion and citing it with approval, our Supreme Court say in the case of Adm’x of Tracy v. Adm’r of Card, 2 Ohio St. 447': “We agree with the Supreme Court
of Massachusetts (11 Mass. 266), that the debt of the executor is assets, not only to pay creditors, but also to pay legacies, or for distribution among the distributees of the estate in all cases where the debt is not itself given as a legacy to the executor.”
What I have said, it will be noticed, applies to executors alone. Does the same rule apply to administrators ?
In the case of Bigelow v. Bigelow, 4 Ohio, 148, the Supreme Court say: “The same rule must apply to administrators *210 who cannot sue themselves any more than executors.” And in the case Adm’x of Tracy v. Adm’r of Card, 2 Ohio St. 448, the court say: '“ Besides our administration laws have, in almost all particulars, placed, executors and administrators on the same footing; so that the court in Bigelow v. Bigelow, supra, when considering whether the debt was extinguished, were warranted in saying that the same rule must apply to both. But it is clear, that an appointment as administrator does not extinguish the debt.” I think from these decisions, it is settled in Ohio, that the appointmeut of a debtor as administrator, immediately upon his qualification, converts the debt into assets of the estate. Is this condition changed by reason of the insolvency of the administrator.
In the case of Winship v. Barr et al., 12 Mass. 199, the court say: “ The executor having voluntarily assumed the trust, which prevents any one from suing, and being unable to sue himself, he shall be considered as having paid the debt, and as holding the amount in his hands as administrator.” This case was cited and approved by our Supreme Court in the case of Bigelow v. Bigelow, 4 Ohio, 148. And in the case of Hall v. Pratt, 5 Ohio, 81, the court say: “ The granting administration of an estate to one indebted to the estate is an extinguishment of the debt. The chose in action becomes converted into a chose in possession, and is transmitted, by the mere operation of law, which is equivalent to judgment and execution. The instant administration is granted, the administrator being the person to pay and to receive, is considered as having paid the debt, and as holding the amount in his hánds as assets ; and the debt having once become assets, no act of the parties can return them back to an obligation.” This case was cited and approved in the case of Adm’x of Tracy v. Adm’r of Card, 2 Ohio St. 451, in the following language: “In Hallv. Pratt, the court held that the debt having once become assets, no act of the parties can return them back to an obligation. We think this was right.”
*211 If the debt is extinguished, there is no debt to enforce against an administrator, solvent or insolvent. If the debt is paid, the administrator received it, and it cannot be affected by his solvency or insolvency. If the amount of the debt is in his hands as assets, it cannot be affected by his solvency or insolvency. If the debt has become assets, and “ no act of the parties can return them back to his obligation,” the insolvency of the administrator cannot affect such assets.
With these views, it is clear to my mind, that whether the administrator is solvent or insolvent, it can make no difference. By assuming the trust, his debt became assets of the estate ; and being assets of the estate, he is chargeable with them. The question still remains — are the administrator’s sureties upon-his bond liable on account of this debt?
In the case of Winship v. Barr, 12 Mass. 198, the court say : “ For, as the executor has given bond for the faithful execution of his trust, and as he must be supposed actually to have received, for the purposes of his trust, a debt due from himself, so that he and his sureties will be responsible on their bond for such debt, the interest of the estate may require that such security should be preserved by continuing the executor in office.” This case is cited and approved in the cases of Bigelow v. Bigelow, Hall v. Pratt and Adm’x of Tracy v. Adm’r of Card, supra. If I interpret this language aright, the sureties no doubt are liable.
Sections 6069 and 6179 of the Revised Statutes of the state, stating in effect what an executor or. administrator is chargeable with, do not change the rule as announced in the cases cited, but simply embodies in the form of a statute the rule as determined by those decisions.
As changing the aforesaid rule of law, we are cited to the case of Campbell v. Johnson, 41 Ohio St. 588. This case is not in conflict with the decisions I have cited. In that case there was fraud and collusion between the sole beneficiary of the estate and the administrator, to make the surety on the bond of the administrator responsible for a worthless claim. *212 In the case at bar no fraud or collusion is even hinted at. Also, we are cited to the case of Brown v. Harshman, Ex’r, vol. 9 C. C. Rep., p. 1, decided by the Second Circuit, in an opinion by Shearer, J. I do not agree with the learned Judge that delivered the opinion. The reasons assigned by the judge for the conclusion of the court are three :
First — “That what has been said upon the general question by the Supreme Court is in the nature of obiter dicta.” My understanding is that at the time these decisions were rendered, the law was contained in the opinion of the judge announcing it, and not as now in the syllabus of the case.
Second — “But it appearing that S. D. Harshman, at the time of his qualification, and thenceforward was insolvent, it seems a monstrous doctrine that the claim, theretofore worthless, was, by the appointment of Harshman as an executor, vitalized and converted into assets worth one hundred cents' on the dollar; especially as such holding would in effect impose upon his co-executor a liability, as surety for the insolvent executor, for a claim due from the latter personally, and in which the former had no interest whatever.” This language of the learned judge can hardly be reconciled with the language of our Supreme Court in the case of Adm’x of Tracy v. Adm’r of Card, 2 Ohio St. 450, wherein that court, speaking through Thurman, Judge, says: “ It is also urged that the law, as staed in the charge of the court, would serve to entrap the bail of an executor, who, confident of his honesty, would willingly become surety for the faithful discharge of his duties, but would shrink from becoming responsible for his debts. If this were so occasionally, and it could only be occasionally, the evil would be far less than the contrary doctrine would produce. The safety of the surety is in the penalty of the bond, beyond which he cannot be made liable. He knows what that is when he executes the bond, and he has no reason whatever to complain, so long as his responsibility is confined to his own undertaking. But the danger I apprehend, is altogether imaginary. Bigelow v. Bigelow was de *213 .cided in 1830, and ever since then, if not before, the charge complained of has been considered the law of the state; yet, none of us has heard of a surety entrapped by it. And ever since 1840 it has been a part of our statute law, yet no effort has been made to repeal it. Surely, if it was fraught with unmitigated mischief, as counsel seem to suppose, it would not have stood unquestioned so long.”
Third — '“Other states hold a contrary doctrine.”
In my judgment the court below erred in overruling the demurrer to the answer of the sureties, setting forth the facts as aforesaid. The demurrer should have been sustained.
With these views, and the first paragraph of the syllabus, Price, J., concurs; Day, J., dissents.
To the answer of the sureties the plaintiffs replied, in substance, as follows:
“ That on the 4th day of March, A. D. 1892, Luther Liggett, as administrator of Abner Liggett, deceased, filed in the probate court of Union county his final account, to which account these plaintiffs filed exceptions, and on the 25th day of June, 1892, upon issue joined in said probate court on said exceptions of said plaintiffs to said final account, the question as to whether said administrator should be charged with the said indebtedness of said Luther Liggett on said promissory note to said estate as assets in his hands, and the further question as to the insolvency of Luther Liggett at the time of the execution of said bond, was fully heard and determined upon demurrer to said exceptions, and also upon final hearing upon the merits, and upon full consideration and the judgment of said probate court, judgment was rendered in favor of these plaintiffs and against said Luther Liggett as administrator, and by said judgment said court charged said Luther Liggett, as such administrator, with said indebtedness as assets in his hands to be accounted for, etc.”
To the reply a general demurrer was interposed by the sureties, which the court below sustained. Did the court err in so doing, is the second question presented by the record to this court.
*214 With few exceptions (and the case at bar is not among the exceptions), by the statutes of this state, the probate court has exclusive jurisdiction in the settlement of the accounts of executors and administrators. And, as was held in the matter of Raab’s estate, 16 Ohio St., page 273: “ Where the debt-
or of a deceased person is appointed administrator, the debt becomes assets in his hands; and on exception to his final account, claiming that he has omitted to charge, himself with such debt, the court may hear evidence, and determine the validity of such claim and amount of such debt.”
So that, if we concede that an administrator is not chargeable with a debt owing the decedent when the administrator is insolvent — yet, in the case at bar, by the plea made in the reply, it was determined by a court of competent jurisdiction, that he was not insolvent, and was properly chargeable with the debt. Being chargeable with the debt, it entered into and became a part of his account. It was part of the foundation upon which a balance was struck, leaving a balance due from the administrator to the estate, and which balance he was ordered to distribute according to law. The balance ascertained was a final adjudication between the plaintiffs and the administrator of each item that entered into the account, or the exceptions thereto; and being final, the amount thus determined binds the administrator as well as the plaintiffs. The question then arises : What effect does this find-
ing have upon the sureties on the administrator’s bond ? Does it conclude them, or are they at liberty to re-litigate the same account? We must answer, they are concluded, under the authority of our own Supreme Court, as was held in the case of Slagle v. Entrekin, 44 Ohio St. 637, wherein the court say: “ The amount so found due will, in the absence of fraud and collusion, be conclusive, not only upon him (the administrator), but upon his sureties, in an action upon the administration bond, unless an appeal has been taken, or the judgment has been reversed upon a proceeding in error.”
We are all of the opinion that the court erred in sustaining *215 the demurrer to this reply. The demurrer should have been overruled.
To the answer of the sureties, the plaintiffs further replied, in effect, a general denial.
Upon the issue thus joined by the petition of the plaintiffs, the answer of the sureties, and the reply of the plaintiffs thereto, the court, by request, found the following facts:
“ At the time of the execution of the administration bond sued upon in plaintiff’s petition, Luther Liggett was insolvent, and remained insolvent until the time of his death. At the time said bond was given, and for some time thereafter, said Luther Liggett was in good credit, and was able to and did borrow money and carry on quite an extensive business, ■and had a large amount of property; but at the time of executing said bond, his property was insufficient to pay his debts; and at no time after giving said bond was bis property sufficient to pay his debts.”
Upon this state of facts, the court below released the sureties upon the administrator’s bond for that part of the balance found due in his final account, which represented the indebtedness of the administrator to the decedent. If we concede the judgment of the court below, upon the demurrers, was the law, was its judgment upon these facts the law, is the third question presented to this court for determination.
The court finds the administrator insolvent, but also finds the special facts upon which it draws the conclusion that the •administrator was insolvent. Those special facts are: The administrator was in good credit. He was able to and did borrow money. He carried on an extensive business.' He had a large amount of property.
The Supreme Court of the United States in several cases hold : “Insolvency means, when applied to traders, an inability to pay debts as they mature and become due and payable, in the ordinary course of business, as persons carrying on trade usually do, without reference to the amount of the debt- or’s property, and without reference to the possibility or prob *216 ability that, at a future time, on winding up all his affairs, his debts will be paid in full.”
W. M. Merchant and Jones, Lytle & Jones, for plaintiffs' in error.
J. H. Kinhade, Porter & Porter and F. T. Arthur, for defendants in error.
Applying this law to the special facts found, Luther Liggett (the administrator) was not insolvent. We think the proper test should be, if some one else had been appointed administrator of this estate, could the indebtedness of Luther Liggett to the decedent have been collected ? It undoubtedly could, if the special facts found existed. Hence he was not insolvent. Hence his indebtedness to the decedent was not worthless.
And it follows: His indebtedness was a proper and legal charge against him, and for which his sureties upon his bond are liable.
We are all of the opinion that the court below erred in the conclusion of law upon the finding of facts.
For the error in overruling the demurrer to the answer, and in sustaining the demurrer to the reply, and for the error in rendering judgment upon the finding of facts in favor of the sureties upon the administrator’s bond, the judgment of the court of common pleas will be reversed, with costs, execution awarded, and cause remanded for execution.
And this court rendering the-j udgment the court below should have rendered upon the pleadings and finding of facts, render a judgment in favor of the plaintiffs and against the estate of Luther Liggett, deceased, and the sureties upon his bond, for the full amount claimed in the petition, with interest and costs, and cause remanded to the court of common pleas for execution;